### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| **PAM JOI BROOKS,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL CASE NO. 3:18-CV-1279-B-BK** |
| | § | |
| **GREYHOUND BUS STATION,** | § | |
| **Defendant.** | § | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this *pro se* prisoner civil rights case

was referred to the United States magistrate judge.  For the reasons that follow, this action should

be **DISMISSED WITHOUT PREJUDICE** for failure to comply with a court order.

### I. BACKGROUND

On May 24, 2018, the Court issued a questionnaire requiring Plaintiff to expound on the

factual allegations asserted in the complaint.  Doc. 6.  The deadline for Plaintiff's response was

June 14, 2018.  As of the date of this recommendation, however, Plaintiff has not responded to

the questionnaire, nor has she sought an extension of time to do so.

### II. ANALYSIS

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua*

*sponte* for failure to prosecute or for failure to comply with the federal rules or any court order.

*Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998).  "This authority flows from the court's

inherent power to control its docket and prevent undue delays in the disposition of pending

cases."  *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v.*

*Wabash R.R. Co.*, 370 U.S. 626 (1962)).

Plaintiff has been given ample opportunity to respond to the Court's questionnaire.  She

has impliedly refused or declined to do so.  Therefore, this action should be dismissed without

prejudice for failure to comply with a court order and for lack of prosecution.  *See* FED. R. CIV.

P. 41(b) (an involuntary dismissal "operates as an adjudication on the merits," unless otherwise

specified).

### III. CONCLUSION

For the foregoing reasons, this action should be **DISMISSED WITHOUT PREJUDICE**

for failure to comply with a court order and for want of prosecution.

**SO RECOMMENDED** on July 13, 2018.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner
provided by law.  Any party who objects to any part of this report and recommendation must file
specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. §
636(b)(1); FED. R. CIV. P. 72(b).  To be specific, an objection must identify the finding or
recommendation to which objection is made, state the basis for the objection, and indicate the
place in the magistrate judge's report and recommendation where the disputed determination is
found.  An objection that merely incorporates by reference or refers to the briefing before the
magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved
party from appealing the factual findings and legal conclusions of the magistrate judge that are
accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v.
United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on
other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE